ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

CV 10-3792

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.NY

★ AUG 16 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARZENA JANDULA on behalf of herself and all
others similarly situated,

                            Plaintiff,

MAUSKOPF, J.
J ORENSTEIN

            -against-

ASA INSTITUTE OF BUSINESS AND COMPUTER
TECHNOLOGY, INC., ALEXANDER SHCHEGOL
a/k/a ALEX SHCHEGOL, and ALEXANDER
AGAFONOV,

                          Defendants.

-------------------------------------------------------------------X

**Doc. No.:**

**CLASS ACTION
COMPLAINT**

**JURY TRIAL
DEMANDED**

## COMPLAINT

1.    Plaintiff Marzena Jandula ("Jandula") on behalf of herself and on behalf of all

others similarly situated, by her attorneys, Robert Wisniewski P.C., as and for her

Complaint against Asa Institute of Business and Computer Technology, Inc. ( the

"Corporate Defendant" or "ASA"), Alexander Shchegol a/k/a Alex Shchegol

("Shchegol"), and Alexander Agafonov ("Agafonov")(the "Individual

Defendants"), states as follows:

### NATURE OF THE ACTION

2.    Plaintiff, on behalf of herself and others similarly situated (**Exhibit 1**) brings this

-1-

action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA") and the various wage orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 552 et. seq., as well as New York Labor Law Articles 6 and 19, and, including but not limited to, § 198-b and §193 ("New York Labor Law"), the New York State common law and various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-143.

3.      The Corporate Defendant provides education services within the New York City area. Plaintiff was employed by the Corporate Defendant as a tutor in its writing center.

4.      The Individual Defendants are the officers, shareholders, managers and/or majority owners of the Corporate Defendant, which provides educational services within the New York City area.

5.      Plaintiff and others similarly situated were employed by the Corporate Defendant and worked over 40 hours per week, but were not compensated properly for the hours they worked and the overtime hours.

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiff, at all relevant times herein, was and is a resident of the State of New York, County of Kings.

7.      The Corporate Defendant, at all relevant times herein, was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of

the State of New York and having its principal place of business within the State of New York.

8.     This Court has personal jurisdiction over the Defendants in that all Defendants are the citizens and residents of the State of New York.

9.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and, being among the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 2**).

10.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

11.    The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

12.    This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. §1391(b) because events giving rise to Plaintiff's claims occurred in this district, and because all Defendants may be found within this

district.

## JURY DEMAND

13. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

14. Plaintiff Jandula began her employment with Defendants in March 2006 on a work study program. Defendants later hired her, purportedly as a classroom teacher, on October 1, 2006 and her employment lasted until October 1, 2009.

15. ASA engages in the provision of educational services to the customers in the New York City area. ASA offers college-level degrees in purportedly as little as eighteen (18) months' time.

16. At all times herein, ASA was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at:151 Lawrence Street, Brooklyn, New York, 11201.

17. At all times herein, ASA transacted and still transacts substantial business and derived and still derives substantial revenue from services rendered in the State of New York.

18. Plaintiff agreed to perform work and services as a classroom teacher for students learning English as a Second Language for Defendants and to be paid $20 an hour.

19. Prior to offering Plaintiff employment, the Corporate Defendant filed a petition ("Petition") for an H1-B visa for Plaintiff, pursuant to 8 U.S.C.A. § 1182(n)(1)(A)

-4-

with the United States Immigration Naturalization Service, now called the United States Citizenship and Immigration Services (**Exhibit 3**).

20. Pursuant to 8 U.S.C.A. § 1182(n)(1)(A)(I)-(II), Defendants were obligated to pay Plaintiff "the actual wage level paid by the employer to all other individuals with similar experience and qualifications for the specific employment in question, or the prevailing wage level for the occupational classification in the area of employment, whichever is greater."

21. Defendants also certified the occupational classification in which Plaintiff was to be employed, which was classroom teacher, and the wage rate and conditions under which she was to be employed. 8 U.S.C.A. § 1182(n)(1)(D).

22. The Petition certified that Plaintiff would be employed as a classroom teacher and would be paid $20 an hour.

23. As such, Defendants entered into a contract with the United States Immigration Naturalization Service wherein they agreed to provide specific work conditions and wage rates to Plaintiff in exchange for Plaintiff being permitted to work in the United States.

24. Plaintiff was a person covered by, and/or intended to benefit from, the provisions of this contract, in respect to her work performed for Defendants.

25. Yet despite certifying that Plaintiff would perform certain duties as a classroom teacher and be paid a specific wage rate, Defendants only permitted Plaintiff to work in ASA's learning center as a tutor, where she taught English as a second language.

26.    Defendants also severely underpaid Plaintiff, paying her only $10 dollars an hour, with a raise to $13 an hour halfway through her employment, instead of the $20 an hour required by their contract with the United States Immigration Naturalization Service.

27.    Defendants therefore violated their contract with the United States Immigration Naturalization Service, of which Plaintiff was a beneficiary.

28.    Plaintiff satisfactorily supplied labor in connection with and in furtherance of the work required by Defendants and in doing so, complied with the terms of her employment agreement with Defendants.

29.    Defendants also had a policy to not pay their employees for worked performed in excess of forty (40) hours per week.

30.    Defendants required their employees to "punch-in" via Defendants' electronic clock when they began work and "punch-out" when they finished work.

31.    Defendants' clock, however, never recorded any hour worked in excess of forty (40).

32.    As such, Defendants' employees paystubs only recorded the first forty (40) hours an employee worked.

33.    As a result, Defendants never paid their employees anything at all for any hour worked in excess of forty (40), whether at the regular rate or the legally mandated overtime rate of 150% of their regular rate.

34.    At all times herein, Individual Defendants were and still are owners, directors, officers, managers, employees and/or agents of Corporate Defendant and have,

jointly and severally, exercised operational control over Corporate Defendant.

35.   At all times herein, upon information and belief, Individual Defendants used the Corporate Defendant in order to perpetuate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

36.   Upon information and belief, in conducting the affairs of Corporate Defendant, Individual Defendants failed to comply with the corporate formalities, usurped the assets of Corporate Defendant for personal use, and commingled their personal assets with the assets of Corporate Defendant.

37.   The Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as shareholders, directors, officers and/or managers of Corporate Defendant, have assumed personal liability for the claims of the Plaintiff herein.

38.   The various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

39.   The Individual Defendants had control over the conditions of Plaintiff's employment, her work schedule, the rates and methods of payment of her wages and the maintenance of her employment records.

40.   At all relevant times, the Individual Defendants had operational control over the Corporate Defendant.

41.   As a matter of economic reality, all Defendants are joint employers of Plaintiff and others similarly situated and, as a result, all Defendants, individually and

-7-

collectively, and jointly and severally, are liable for all claims made herein.

42. Upon information and belief, Defendants engaged, and continue to engage, in a pattern and practice of willfully paying their employees less than the hourly rate required by their contract with the United States Immigration Naturalization Service.

## CLASS ACTION ALLEGATIONS UNDER N.Y. LABOR LAW

43. Plaintiff brings this action on behalf of herself and all other persons who were or are employed by the Defendants, but did not receive the compensation required by New York Labor Law, the common law of the State of New York and the state wage orders codified in 12 N.Y.C.R.R. §§ 137-143 in respect to their work for Defendants.

44. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

45. There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and others similarly situated by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the New York Labor Law, the common law of New York and the state wage orders codified in 12 N.Y.C.R.R. §§ 137-143. Only the amount of individual damages sustained by each class member will vary.

46. The claims of the Plaintiff are typical of the claims of the above-described class in

that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

47. The Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of the other members of the class.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

49. Plaintiff brings the first through third claim for relief herein on behalf of herself individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' violations under the New York Labor Law, the common law of the State of New York and state wage orders codified in 12 N.Y.C.R.R. §§ 137-143.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff brings this action on behalf of herself and all other persons who were or are employed by the Defendants but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. in respect to their work for Defendants.

51. Upon information and belief, this class of persons consists of not less than 40 persons.

52. There are questions of law and fact common to the class specifically whether the employment of the Plaintiff by the Defendants is subject to the jurisdiction and the

wage and overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. Only the amount of individual damages sustained by each class member will vary.

53. Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy not to pay Plaintiff proper regular and overtime wages under the FLSA.

54. Plaintiff brings the fourth claim for relief herein on behalf of herself individually and all persons similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' violations under the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against Defendants)

55. Plaintiff repeats and realleges each and every allegation as previously set forth.

56. Plaintiff agreed to perform work and services as a classroom teacher making $20 an hour for Defendants.

57. Plaintiff satisfactorily supplied labor in connection with and in furtherance of the work required by the Defendants and in doing so, complied with the terms of her employment agreement with Defendants.

58. Nevertheless, Defendants only paid Plaintiff a maximum of $13 an hour and prevented her from working as a classroom teacher.

59. That by virtue of the foregoing breach of contract by Defendants, Plaintiff has been damaged in an amount to be proven at trial based upon an accounting of the

-10-

income Plaintiff should have earned minus any income Plaintiff has earned, as well as statutory interest.

## SECOND CLAIM FOR RELIEF
### (Third Party Beneficiary Claim against Defendants)

60.  Plaintiff repeats and realleges each and every allegation as previously set forth.

61.  Plaintiff was a person covered by Defendants' contract with the United States Immigration Naturalization Service.

62.  The Contract between Defendants and the United States Immigration Naturalization Service called for Plaintiff to be paid $20 an hour for each hour worked.

63.  The contract also called for Plaintiff to work as a classroom teacher.

64.  Plaintiff was a person covered by, or the intended third-party beneficiary of, the contract entered into by the Defendants with the United States Immigration Naturalization Service, which were covered by the provisions of various federal laws, including but not limited to 8 U.S.C.A. § 1182.

65.  Defendants knowingly and willfully violated the terms of the contract by preventing Plaintiff from working as a classroom teacher and paying her no more than $13 an hour for each hour worked, including overtime hours.

66.  That by virtue of the foregoing breach of contract by Defendants, Plaintiff has been damaged in an amount to be proven at trial based upon an accounting of the income Plaintiff should have earned minus any income Plaintiff has earned, as well as statutory interest.

## THIRD CLAIM FOR RELIEF
### (New York Labor Law against the Defendants)

67.  Plaintiff repeats each and every allegation previously made herein.

68.  Pursuant to the N.Y. Labor Law Articles 6 and 19, Labor Law § 198 and the Wage
     Orders issued under the N.Y. Labor Law at 12 N.Y.C.R.R. §§ 137-143, Plaintiff
     and others similarly situated were entitled to certain hourly minimum wages,
     overtime wages, and other wages, all of which the Defendants intentionally failed
     to pay in violation of such laws.

69.  Wherefore Plaintiff seeks a judgment on behalf of themselves and others similarly
     situated against all Defendants for all wages which should have been paid, but
     were not paid, pursuant to the N.Y. Labor Law and the Wage Orders issued
     thereunder and the other provisions of the Labor Law; the total amount of such
     unpaid wages to be determined at trial upon an accounting of the hours worked
     by, and wages paid to, Plaintiff, along with an award of attorneys' fees, interest
     and costs as provided under the N.Y. Labor Law § 198 and § 663.

## FOURTH CLAIM FOR RELIEF
### (FLSA against the Defendants)

70.  Plaintiff repeats and realleges each and every allegation previously set forth
     herein.

71.  Plaintiff brings this claim for relief on behalf of herself and others similarly
     situated pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and §
     207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552, Plaintiff
     was entitled to a minimum wage and an overtime hourly wage of time and one-

-12-

half their regular hourly wage for all hours worked in excess of forty hours per week.

72.   Plaintiff and others similarly situated worked more than forty hours per week for the Defendants, and Defendants willfully failed to make said minimum wage and/or overtime payments.

73.   Plaintiff seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.


[no more text on this page]

WHEREFORE, it is respectfully requested that the Court assume jurisdiction

herein and thereafter Plaintiff demands a trial by jury and judgment against all Defendants

as follows:

a. Compensatory damages in an amount to be determined at trial, together

with interest;

b. Liquidated damages pursuant to the FLSA and N.Y. Labor Law §198

c. Pre-judgment interest; and

d. Plaintiff's costs and reasonable attorneys' fees.

Together with such other and further relief that the Court deems just.

Dated: New York, New York
August 16, 2010

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski, Esq.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

To:

Asa Institute of Business and Computer Technology, Inc.
151 Lawrence Street
Brooklyn, New York, 11201

Alex Shchegol
724 Todt Hill Road
Staten Island NY 10304-1327

Alexander Agafonov
3080 W 1st Street Apt. 404
Brooklyn NY, 11224-3703

-14-

**Exhibit 1**

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MARZENA JANDULA on behalf of herself and all
others similarly situated

Plaintiff,

-against-

ASA INSTITUTE OF BUSINESS AND COMPUTER
TECHNOLOGY, INC., ALEX SHCHEGOL, and
ALEXANDER AGAFONOV

Defendants.

**CONSENT TO SUE**

-------------------------------------------------------------------X

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of others similarly situated and to make decisions on my behalf and on behalf of others similarly situated concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit.

_Marzena Jandula_
Print Name

_ON FILE_

_ON FILE_
City, State, Zip Code

_ON FILE_
Sign Name

_ON FILE_
Telephone

_06/24/2010_
Date

**Exhibit 2**

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:    ALEX SHCHEGOL and ALEXANDER AGAFONOV

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that MARZENA JANDULA and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of ASA INSTITUTE OF BUSINESS AND COMPUTER TECHNOLOGY, INC. for all debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
August 16, 2010

ROBERT WISNIEWSKI P.C.

By: _____

Robert Wisniewski (RW-5308)
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:  Asa Institute of Business and Computer Technology, Inc.
151 Lawrence Street
Brooklyn, New York, 11201

PLEASE TAKE NOTICE, that MARZENA JANDULA and others similarly situated as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
August 16, 2010

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

**Exhibit 3**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | CASE TYPE    I129 |
|---|---|
| | PETITION FOR A NONIMMIGRANT WORKER |

| RECEIPT DATE June 2, 2006 | PRIORITY DATE | PETITIONER ASA INST OF BUSINESS AND TECH INC |
|---|---|---|

| NOTICE DATE September 11, 2006 | PAGE 1 of 1 | BENEFICIARY JANDULA, MARZENA |
|---|---|---|

MARC SIMON
MARC SIMON PC
522 RUGBY RD
BROOKLYN NY 11226

**Notice Type:** Approval Notice
Class: H1B
Valid from 10/01/2006 to 09/30/2009

The above petition and change of status have been approved. The status of the named foreign worker(s) in this classification is valid as indicated above. The foreign worker(s) can work for the petitioner, but only as detailed in the petition and for the period authorized. Any change in employment requires a new petition. Since this employment authorization stems from the filing of this petition, separate employment authorization documentation is not required. Please contact the IRS with any questions about tax withholding.

The petitioner should keep the upper portion of this notice. The lower portion should be given to the worker. He or she should keep the right part with his or her Form I-94, *Arrival-Departure Record*. This should be turned in with the the I-94 when departing the U.S. The left part is for his or her records. A person granted a change of status who leaves the U.S. must normally obtain a visa in the new classification before returning. The left part can be used in applying for the new visa. If a visa is not required, he or she should present it, along with any other required documentation, when applying for reentry in this new classification at a port of entry or pre-flight inspection station. The petitioner may also file Form I-824, *Application for Action on an Approved Application or Petition*, with this office to request that we notify a consulate, port of entry, or pre-flight inspection office of this approval.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**
Form I797A (Rev. 09/07/93)N

PLEASE TEAR OFF FORM I-94 PRINTED BELOW, AND STAPLE TO ORIGINAL I-94 IF AVAILABLE

Detach This Half for Personal Records

Receipt #  ON FILE
I-94#

NAME JANDULA, MARZENA H.
CLASS H1B

VALID FROM 10/01/2006 UNTIL 09/30/2009

PETITIONER: ASA INST OF BUSINESS AND
            151 LAWRENCE STREET
            BROOKLYN NY 11201

**708748480 10**

Receipt Number  ON FILE
Immigration and
Naturalization Service

I-94
Departure Record         Petitioner: ASA INST OF B

| 14. Family Name JANDULA | |
|---|---|
| 15. First (Given) Name MARZENA | 16. Date of Birth |
| 17. Country of Citizenship | |

Form I797A (Rev. 09/07/93)N

OMB No 1615-0009, Expires 05/31/08

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# I-129, Petition for a
# Nonimmigrant Worker

**START HERE - Please type or print in black ink.**　　　　For USCIS Use Only

**Part 1. Information about the employer filing this petition.** *If the employer is an individual, Number 1. Organizations should use Number 2.*

1. Family Name *(Last Name)*　　　Given Name *(First Name)*

Full Middle Name　　　　Telephone No. w/Area Code

2. Company or Organization　　　Telephone No. w/Area Code
**ASA INSTITUTE OF BUSINESS AND COMPUTER TECHNOLOGY, INC.**

Mailing Address: *(Street Number and Name)*　　　Suite #
**151 Lawrence Street**

C/O: *(In Care Of)*
**Alex Shchegol**

City **Brooklyn**　　State/Province **NY**

Country **USA**　　Zip/Postal Code **11201**　　E-Mail Address *(If Any)*

Federal Employer Identification #　　U.S. Social Security #　　Individual Tax #
*ON FILE*

**Part 2. Information about this petition.** *(See instructions for fee information.)*

1. Requested Nonimmigrant Classification. *(Write classification symbol):* **H-1B**
2. Basis for Classification *(Check one):*
   a. ☒ New employment.
   b. ☐ Continuation of previously approved employment without change with the same employer.
   c. ☐ Change in previously approved employment.
   d. ☐ New concurrent employment.
   e. ☐ Change of employer.
   f. ☐ Amended petition.
3. If you checked **Box 2b, 2c, 2d, 2e, or 2f**, give the petition receipt number.

4. **Prior Petition.** If the beneficiary is in the U.S. as a nonimmigrant and is applying to change and/or extend his or her status, give the prior petition or application receipt #:

5. **Requested Action** *(Check one):*
   a. ☐ Notify the office in **Part 4** so the person(s) can obtain a visa or be admitted. **(NOTE:** *a petition is not required for an E-1, E-2 or R visa).*
   b. ☒ Change the person(s)' status and extend their stay since the person(s) are all now in the U.S. in another status *(see instructions for limitations).* This is available only where you check "New Employment" in **Item 2**, above.
   c. ☐ Extend the stay of the person(s) since they now hold this status.
   d. ☐ Amend the stay of the person(s) since they now hold this status.
   e. ☐ Extend the status of a nonimmigrant classification based on a Free Trade Agreement. *(See Free Trade Supplement for TN and H1B1 to Form I-129).*
   f. ☐ Change status of a nonimmigrant classification based on a Free Trade Agreement. *(See Free Trade Supplement for TN and H1B1 to Form I-129).*
6. **Total number of workers in petition** *(See instructions relating to when more than one worker can be included).* **One**

**For USCIS Use Only**

Returned　　Receipt
Date
Date
Resubmitted
Date
Date
Reloc Sent
Date
Date
Reloc Rec'd
Date
Date
☐ Petitioner Interviewed on
☐ Beneficiary Interviewed on

Class: _____
# of Workers: _____
Priority Number: _____
Validity Dates:
From: _____
To: _____

☐ **Classification Approved**
☐ Consulate/POE/PFI/ Notified At _____
☐ Extension Granted
☐ COS/Extension Granted

**Partial Approval** *(explain)*

**Action Block**

**To Be Completed by**
*Attorney or Representative, if any*
Fill in box if G-28 is attached to represent the applicant.
☐
ATTY State License # _____

Form I-129 (Rev. 03/17/05)N (Prior paper editions may be used until 04/30/05. Certain E-filers may use prior electronic editions until 09/30/05)

**Part 3. Information about the person(s) you are filing for.**   *Complete the blocks below. Use the continuation sheet to name each person included in this petition.*

1.  If an Entertainment Group, Give the Group Name

| Family Name *(Last Name)* | Given Name *(First Name)* | Full Middle Name |
|---|---|---|
| JANDULA | Marzena | Helena |

All other Names Used *(included maiden name and names from all previous marriages)*

| Date of Birth *(mm/dd/yyyy)* | Social Security # *(if any)* | A# *(if any)* |
|---|---|---|
| ON FILE | ON FILE | none |

| Country of Birth | Province of Birth | Country of Citizenship |
|---|---|---|
| ON FILE | | Poland |

2.  If in the United States, Complete the Following:

| Date of Last Arrival *(mm/dd/yyyy)* | I-94 # *(Arrival/Departure Document)* | Current Nonimmigrant Status |
|---|---|---|
| ON FILE | ON FILE | ON FILE |

| Date Status Expires *(mm/dd/yyyy)* | Passport Number | Date Passport Issued *(mm/dd/yyyy)* | Date Passport Expires *(mm/dd/yyyy)* |
|---|---|---|---|
| D/s | ON FILE | ON FILE | ON FILE |

Current U.S. Address

ON FILE

**Part 4. Processing Information.**

1.  If the person named in **Part 3** is outside the United States or a requested extension of stay or change of status cannot be granted, give the U.S. consulate or inspection facility you want notified if this petition is approved.

Type of Office *(Check one)*:  ☐ Consulate   ☐ Pre-flight inspection   ☐ Port of Entry

| Office Address *(City)* | U.S. State or Foreign Country |
|---|---|
| | |

Person's Foreign Address

2.  Does each person in this petition have a valid passport?

☐ Not required to have passport   ☐ No - explain on separate paper   ☒ Yes

3.  Are you filing any other petitions with this one?   ☒ No   ☐ Yes - How many?

4.  "Are applications for replacement/initial I-94 s being filed with this petition?   ☒ No   ☐ Yes - How many?

5.  Are applications by dependents being filed with this petition?   ☐ No   ☒ Yes - How many?   1

6.  Is any person in this petition in removal proceedings?   ☒ No   ☐ Yes - explain on separate paper

**Part 4. Processing Information.**     *(Continued)*

7. Have you ever filed an immigrant petition for any person in this petition?    ☒ No  ☐ Yes - explain on a separate paper

8. If you indicated you were filing a new petition in **Part 2,** within the past seven years has any person in this petition:

  a.  Ever been given the classification you are now requesting?    ☒ No  ☐ Yes - explain on a separate paper

  b.  Ever been denied the classification you are now requesting?    ☒ No  ☐ Yes - explain on a separate paper

9. Have you ever previously filed a petition for this person?    ☒ No  ☐ Yes - explain on a separate paper

10. If you are filing for an entertainment group, has any person in this petition not been with the group for at least one year?    ☒ No  ☐ Yes - explain on a separate paper

---

**Part 5. Basic information about the proposed employment and employer.**   *Attach the supplement relating to the classification you are requesting.*

1. Job Title

    ESL Instructor

2. Nontechnical Job Description

    ESl Instructor

3. LCA Case Number

    ON FILE

4. NAICS Code

    611210

5. Address where the person(s) will work if different from address in **Part 1.**  *(Street number and name, city/town, state, zip code)*

6. Is this a full-time position?

  ☒  No - Hours per week: 24    ☐  Yes - Wages per week or per year  $20.00/hr

7. Other Compensation   *(Explain)*

8. Dates of intended employment   *(mm/dd/yyyy)*

  From: 10/01/2006    To: 10/01/2009

9. Type of Petitioner -   *Check one:*

  ☐  U.S. citizen or permanent resident    ☒  Organization    ☐  Other - explain on separate paper

10. Type of Business

    Two year college

11. Year Established

    1994

12. Current Number of Employees

    595

13. Gross Annual Income

    $40,000,000

14. Net Annual Income

    $6,400,000

Form I-129 (Rev. 03/17/05)N (Prior paper editions may be used until 04/30/05. Certain E-filers may use prior electronic editions until 09/30/05)    Page 3

**Part 6. Signature.**   *Read the information on penalties in penalties in the instructions before completing this section.*

I certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted is all true and correct. If filing this on behalf of an organization, I certify that I am empowered to do so by that organization. If this petition is to extend a prior petition, I certify that the proposed employment is under the same terms and conditions as stated in the prior approved petition. I authorize the release of any information from my record, or from the petitioning organization's records, the U.S. Citizenship and Immigration services needs to determine eligibility for the benefit being sought.

| Signature | Daytime Phone Number   *(Area/Country Code)* |
|-----------|---------------------------------------------|
| *ON FILE* | 718-522-9073 |

| Print Name | Date   *(mm/dd yyyy)* |
|------------|----------------------|
| Alex Shchegol | 05/17/06 |

**NOTE:**   If you do not completely fill out this form and the required supplement, or fail to submit required documents listed in the instructions, the person(s) filed for may not be found eligible for the requested benefit and this petition may be denied.

---

**Part 7. Signature of person preparing form, if other than above.**

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have any knowledge.

| Signature | Daytime Phone Number   *(Area/Country Code)* |
|-----------|---------------------------------------------|
| | 718-643-6462 |

| Print Name | Date   *(mm/dd yyyy)* |
|------------|----------------------|
| Marc Simon | |

**Firm Name and Address**

Marc Simon PC
522 Rugby Rd. Brooklyn, NY 11226

| Labor Condition Application for H-1B &H-1B1 Nonimmigrants | U.S. Department of Labor Employment and Training Administration | Form ETA 9035E OMB Approval: 1205-0310 Expiration Date: 30 NOV 2008 |
|---|---|---|

**A. Program Designation**
*You must choose one:*   ● H-1B   ○ H-1B1 Chile   ○ H-1B1 Singapore   ○ E-3 Australian

**B. Employer's Information**                                   1. Return Fax Number

2. Employer's Full Legal Name
**ASA INSTITUTE OF BUSINESS & COMP. TECHNOLOGY, INC.**

3. Employer's Address (Number and Street)
**151 LAWRENCE STREET**

| 4. Employer's City | State | Zip/Postal Code |
|---|---|---|
| **BROOKLYN** | **NY** | **11201** |

5. Employer's Address EIN Number      6. Employer's Phone Number      Extension
                                      **(718)522-9073**

*I certify that I have compared this copy with its (hjg, '1b)*
*MARC W-- MON, Attorney at Law*
*ON FILE*
*Address, 26 Court St., Brooklyn, New York, N.Y*
*Admitted to Practice in State of New York*

**C. Rate of Pay**

1. Wage Rate (or Rate From) (Required):
**$20.00**

2. Rate Up To (Optional):
**$0.00**

3. Rate is Per:
○ Year   ○ Week
○ Month   ● Hour
○ 2 Weeks

4. Is this position part-time?
● Yes
○ No

Please Note:
Part-time hours worked by nonimmigrant(s) will be in the range of hours stated on the INS Form(s) I-129.

**D. Period Of Employment and Occupation Information**

1. Begin Date
**10/01/2006**

2. End Date
**10/01/2009**

3. Occupational Code
[0] [9] [0]

4. Number of H-1B or H-1B1 Nonimmigrants
[0] [0] [1]

5. Job Title
**ESL INSTRUCTOR**

**E. Information relating to Work Location for the H-1B or H-1B1 Nonimmigrants**

| 1. City | State |
|---|---|
| **BROOKLYN** | **NY** |

2. Prevailing Wage
**$16.69**

3. Wage is Per:
○ Year   ○ Week
○ Month   ● Hour
○ 2 Weeks

4. Wage Source
○ SESA
○ Collective Bargaining Agreement
● Other

5. Year Source Published
**2006**

6. Other Wage Source
**OES Survey**

# FORM CERTIFIED

ETA Case Number      *ON FILE*                 Form ETA 9035E - Page 2 of 4

| Labor Condition Application for H-1B &H-1B1 Nonimmigrants | U.S. Department of Labor Employment and Training Administration | Form ETA 9035E OMB Approval: 1205-0310 Expiration Date: 30 NOV 2008 |
|---|---|---|

## ELECTRONIC FILING OF LABOR CONDITION APPLICATION FOR THE H-1B NONIMMIGRANT VISA PROGRAM

This Department of Labor, Employment and Training Administration (ETA), electronic filing system enables an employer to file a Labor Condition Application (LCA) and obtain certification of the LCA. This Form must be submitted by the employer or by someone authorized to act on behalf of the employer.

A.) I understand and agree that, upon my receipt of ETA's certification of the LCA by electronic response to my submission, I must take the following actions at the specified times and circumstances:

- print out and sign a hardcopy of the electronically filed and certified LCA;
- maintain a signed hardcopy of this LCA in my public access file;
- submit a signed hardcopy of this LCA to the Immigration and Naturalization Service in support of the I-129, on the date of submission of the I-129; and
- provide a signed hardcopy of this LCA to each H-1B nonimmigrant who is employed pursuant to the LCA.

  ● Yes        ○ No

B.) I understand and agree that, by filing the LCA electronically, I am attesting that all of the statements in the LCA are true and accurate and that I am undertaking all the obligations that are set out in the LCA (Form 9035E) and the accompanying instructions (Form ETA 9035CP).

  ● Yes        ○ No

C.) I hereby choose one of the following options, with regard to the accompanying instructions:

  ○      I choose to have the Form ETA-9035CP electronically attached to the certified LCA, and to be bound by the LCA obligations as explained in this form;

or

  ●      I choose not to have the Form ETA-9035CP electronically attached to the certified LCA, but I have read the instructions and I understand that I am bound by the LCA obligations as explained in this Form.

*I certify that I have compared this copy with its original and it is a true and complete copy.*

*ON FILE*

*Name, Attorney, Law*
*Address: 26 Court St., Brooklyn, New York, N.Y.*
*Admitted to Practice in State of New York*

# FORM CERTIFIED

ETA Case Number   *ON FILE*                    Form ETA 9035E – Page 1 of 4

ASA Institute of Business & Comp. Technology, Inc.
151 Lawrence Street
Brooklyn, NY 11201

*I certify that I have compared this copy with the*
*original and it is a true and complete copy.*

*ON FILE*
*...th W... VIOR, ANUTNEY at LAW*
*Address: 26 Court St., Brooklyn, New York, N.Y.*
*Admitted to Practice in State of New York*

Enclosed is the determination made on the Labor Condition Application which was submitted to the
U.S. Department of Labor.

ETA Case Number   ON FILE

Labor Condition
Application for H
&H-1B1 Nonimmigrants

U.S. Department of Labor
Employment and Training Administration

OMB Approval: 1205-0310
Expiration Date: 30 NOV 2008

## E. Subsection A  Information For Additional or Subsequent Work Location

1. City

State

2. Prevailing Wage

3. Wage is Per:
- ○ Year
- ○ Month
- ○ 2 Weeks
- ○ Week
- ○ Hour

4. Wage Source:
- ○ SESA
- ○ Collective Bargaining Agreement
- ○ Other

5. Year Source Published

6. Other Wage Source

## F.  Employer Labor Condition Statements

Please Note: In order for your application to be processed, you MUST read section E of the Labor Condition Application cover pages under the heading "Employer Labor Condition Statements" and agree to all four labor condition statements summarized below:

(1) Wages: Pay nonimmigrants at least the local prevailing wage or the employer's actual wage, whichever is higher, and pay for non-productive time. Offer nonimmigrants benefits on the same basis as U.S. workers.

(2) Working Conditions: Provide working conditions for nonimmigrants which will not adversely affect the working conditions of workers similarly employed.

(3) Strike, Lockout, or Work Stoppage: No strike or lockout in the occupational classification at the place of employment.

(4) Notice: Notice to union or to workers at the place of employment. A copy of this form to H-1B or H-1B1 workers.

I have read and agree to Employer Labor Condition Statements 1, 2, 3, and 4 as set forth in Section E of the Labor Condition Application Cover Pages.      ● Yes     ○ No

## F-1.  Additional Employer Labor Condition Statements – H-1B Employers Only

*Please Note: In order for an application regarding H-1B nonimmigrants to be processed, you MUST read Section F-1 - Subsections 1 and 2 of the Labor Condition Application cover pages under the heading "Additional Employer Labor Condition Statements" and choose one of the 3 alternatives (A, B, or C) listed below in Subsection 1.  If you mark Alternative B, you MUST read Section F-1 - Subsection 2 of the cover pages under the heading "Additional Employer Labor Condition Statements" and indicate your agreement to all 3 additional statements summarized below in Subsection 2.*

1. Subsection 1
Choose ONE of the following 3 alternatives:

A  ●  Employer is not H-1B dependent and is not a willful violator.

B  ○  Employer is H-1B dependent and/or a willful violator.

C  ○  Employer is H-1B dependent and/or a willful violator BUT will use this application ONLY to support H-1B petitions for exempt nonimmigrants.

2. Subsection 2
If Alternative B in Subsection 1 is marked, the following Additional Labor Condition Statements are applicable:

A. Displacement:  Non-displacement of the U.S. workers in employer's work force;

B. Secondary Displacement:  Non-displacement of U.S. workers in another employer's work force; and

C. Recruitment and Hiring:  Recruitment of U.S. workers and hiring of U.S. worker applicant(s) who are equally or better qualified than the H-1B nonimmigrant(s).

*I have read and agree to Additional Labor Condition Statements 2 A, B, and C.*      ○ Yes     ○ No

# FORM CERTIFIED

ETA Case Number
*ON FILE*

Form ETA 9035E - Page 3 of 4

- Participating in curriculum review and development meetings within his or her subject area and assist in the process of enriching of current programs of study.
- Submitting all course related documentation to the academic chairs and the Registrars in a timely fashion,
- Working with the school administration in researching, planning and establishing curricula that meet market needs.

Marzena Jandula brings us a background in teaching and academic training design to inculcate skills in reading comprehension and organization. Ms. Jandula attend the Jan Kochanowski Świętokrzyska Academy in Kielce, Poland, following a course of study majoring in history, with a minor in teaching. Her award of a Master's Diploma has evaluated as the equivalent of a combined Bachelor's and Master's Degree in from a regionally accredited institution in the US. She also earned a Univer Cambridge First Certificate in English Certification in English for speakers of languages in five areas Reading, Writing, Use of English, Listening and Speaking.

Ms. Jandula has taught English to elementary students and served as an Eng Instructor in a local municipal office. She also taught History at the High School le with great success.

All applicants for the position of instructor at ASA are required to have a minimum of a master's degree in their subject area or related field of study. Ms. Jandula's academic background is invaluable for providing the tools needed to impart skills in reading comprehension. This background is a standard requirement in educational institutions.

We have offered to Ms. Jandula, and she has accepted contingent upon the approval of this petition, a salary of $20 per hour.

To our knowledge, Ms. Jandula has had no prior H-1 visa petitions filed upon her behalf.

Your earliest consideration is requested to enable us to plan more effectively for the coming year.

Very truly yours,

**SIGNATURE ON FILE**

Alex Shchegol
President

AA/rmh
Enclosure

| Labor Condition Application for H-1B & H-1B1 Nonimmigrants | U.S. Department of Labor Employment and Training Administration | Form ETA 9035E OMB Approval: 1205-0310 Expiration Date: 30 NOV 2008 |

## G. Public Disclosure Information

Public disclosure information will be kept at:

⬤ Employer's principal place of business

◯ Place of employment

## H. Declaration of Employer

By signing this form, I, on behalf of the employer, attest that the information and labor condition statements provided are true and accurate; that I have read the sections E and F of the cover pages (Form ETA 9035CP), and that I agree to comply with the Labor Condition Statements as set forth in the cover pages and with the Department of Labor regulations (20 CFR part 655, Subparts H and I). I agree to make this applicaton, supporting documentation, and other records available to officials of the Department of Labor upon request during any investigation under the Immigration and National Act.

1. First Name of Hiring or Other Designated Official          MI

   SHCHEGOL

2. Last Name of Hiring or Other Designated Official

   ALEX

3. Hiring or Other Designated Official Title

   PRESIDENT

**SIGNATURE ON FILE**

5. Date

Making fraudulent representations on this Form can lead to civil or criminal action under 18 U.S.C. 1001, 18 U.S.C. 1546, or other provisions of law.

## I. Contact Information

1. Contact First Name          MI

   MARC

2. Contact Last Name

   SIMON

3. Contact Phone Number          Extension

   (718) 522-9073

## J. U.S. Government Agency Use Only

By virtue of my signature below, I hereby acknowledge this application certified for

Date Starting __10/01/2006__          and Date Ending __10/01/2009__

_ON FILE_          Chief, Division of Foreign Labor Certification          _ON FILE_   05/17/2006

Signature and Title of Authorized DOL Official          ETA Case Number   Date

The Department of Labor is not the guarantor of the accuracy, truthfulness, or adequacy of a certified labor condition application.

## K. Complaints

Complaints alleging misrepresentation of material facts in the labor condition application and/or failure to comply with the terms of the labor condition application may be filed with any office of the Wage and Hour Division, U.S. Department of Labor. Complaints alleging failure to offer employment to an equally or better qualified U.S. worker, or an employer's misrepresentation regarding such offer(s) of employment, may be filed with: U.S Department of Justice * Office of the Special Counsel * 10th St. and Constitution Ave. NW * Washington, DC * 20530.

# FORM CERTIFIED

ETA Case Number          ON FILE          Form ETA 9035E - Page 4 of 4



81 WILLOUGHBY STREET
BROOKLYN NY 11201

**ASA INSTITUTE**

TEL: 718 • 522 • 9073
FAX: 718 • 532 • 1433

May 11, 2006

U.S. Citizenship & Immigration Services
Vermont Service Center
75 Lower Welden St.
St. Albans, VT 05479-0001

Re: H-1B petition on behalf of Ms. Marzena JANDULA

Gentlemen:

This letter is submitted as part of our H-1 visa petition for Ms. Marzena Jane... We are requesting her status be changed from F-1 to serve as an ESL Instructor supplementing our General Education curriculum.

ASA Institute specializes in providing career-oriented programs relevant to the needs, interests, and aspirations of our varied constituencies. Situated in downtown Brooklyn's Metro Tech area, we are surrounded by the offices of government, several colleges and universities, as well as major world banks and brokerage companies. Our extensive state-of-the-art equipment supports our educational programs and has consistently kept current with workplace technology by maintaining an environment closely matching actual employment conditions. Since its modest beginning with a class of twelve students, the college's enrollment has grown to over 2,000 students.

We offer students an Associate of Occupational Studies degree in Medical Assisting, Pharmacy Technology, Office Administration & Technology, Business Administration, Business Administration with MIS, Network Administration & Security and Computer Programming & Information Technology. We are authorized by the New York State board of Regents and our degree and certificate programs are registered by the State Education Department. We are also accredited by the Accrediting Council for Independent Colleges and Schools to award certificates and associate degrees. Additionally, ASA's associate degree program in medical assisting and medical billing is accredited by the Commission on Accreditation of Allied Health Education Programs.

To enhance the students' learning experience, they are required to complete 12 credits of general education. All students enrolled in associate degree programs must complete College Math and English Composition I & II. Additional elective liberal arts courses are offered in the humanities, natural sciences and social sciences disciplines.

*WWW.ASA.EDU*

Instruction in English as a Second Language (ESL) is a key component of ASA's pedagogical history and educational programs, serving as the backbone of basic English language literacy. ESL study at ASA offers the multi-cultural, immigrant Student body an opportunity for intensive language immersion, emphasizing practical usage of language. ASA's ESL students are engaged in language curricula which serve as foundations for furthering academic study including practical, hands-on language skills required in social and employment environments.

The pedagogic methodologies and strategies employed in our ESL program objectify experience of language learning through an extensive curriculum, covering all necessary skill areas. Each segmented area of study focuses in depth on the needs the students. Because students are intensively immersed in each area, the entire program is successful in allowing students to reach near fluency. Ms. Jandula will teach classes in ESL covering skills in reading, writing, grammar, pronunciation, diction listening, speaking, and comprehension. As with all our staff, her duties will include:

- Meeting all assigned classes on time as scheduled and facilitating the learning process according to the highest professional standards.
- Providing a supportive classroom environment and treating all students fairly and impartially.
- Customizing the course syllabus while adhering to the standardized course curriculum and maintaining up-to-date lesson plans that reflect Course content covered and performance competencies achieved in each subject area.
- Adhering to the policies and procedures specified in faculty handbook.
- Giving students a clear, accurate idea of what will be expected regarding class participation; quizzes and tests; projects; and homework assignments for at the beginning of each course.
- Being available to students on a regular basis for academic counseling and keeping a record of each counseling session,
- Actively monitoring each student's progress and taking timely action such as counseling, arranging for tutoring~ or referral to the office of student advisement and/or the academic department chairs for any student who is in danger of failing the course,
- Maintaining current accurate grade book and submitting copies of the same to the department chair at the end of the semester.
- Maintaining professional competence and keeping knowledge current by participating in professional growth activities on and off campus and submitting documentations to the department chairs.
- Attending mandatory faculty meetings and any additional departmental meetings as required.